UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LA'TANYA TIERRA CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08 C 7464 |
| v. ) | |
| ) | Judge James B. Zagel |
| JOHN P. DOLAN, CRAIG A. DUNDERDALE, ) | |
| KEITH E. KARCZEWSKI, VERNON ) | Magistrate Judge Morton Denlow |
| MITCHELL, JR., SCOTT M. WOLFF, ) | |
| MATTHEW P. CLINE, DANIEL J. DE LOPEZ, ) | JURY TRIAL DEMANDED |
| EDDIE M. YOSHIMURA, and JOSEPH F. ) | |
| GORMAN, ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED CIVIL RIGHTS COMPLAINT**

Plaintiff, LA'TANYA TIERRA CARTER, by and through her attorney, Irene K. Dymkar, and complaining against defendants, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, and JOSEPH F. GORMAN, states as follows:

**NATURE OF CLAIM**

1.      This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law.  Specifically here, defendants deprived plaintiff of her rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

2. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

3. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

4. At all times herein mentioned, plaintiff, LA'TANYA TIERRA CARTER, was and is a citizen of the United States and resides within the jurisdiction of the court.

5. At all times herein mentioned, defendants, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, and JOSEPH F. GORMAN, were officers employed by the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago. They are being sued in their individual capacity.

## STATEMENT OF FACTS

6. According to police reports and sworn defendant testimony in a related civil rights case, on February 9, 2007, defendants, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, and JOSEPH F. GORMAN, were all part of a police intelligence team that was assigned to execute a search warrant for the first floor and basement of 1136 N. Monticello in Chicago, Illinois.

7. Defendant JOSEPH F. GORMAN was the supervising lieutenant. Defendant MATTHEW P. CLINE was the sergeant who was the search team supervisor. Defendant

EDDIE M. YOSHIMURA was a sergeant who assisted MATTHEW P. CLINE in the supervision of the search.  Defendant JOHN P. DOLAN was the affiant on the search warrant and, as such, had most of the contact with a confidential informant, petitioned the court for issuance of the warrant, and organized and directed the search team.  Defendant KEITH E. KARCZEWSKI was the breech officer in charge of breaking down the doors.  CRAIG A. DUNDERDALE, VERNON MITCHELL, JR., SCOTT M. WOLFF, and DANIEL J. DE LOPEZ were police intelligence team members whose assignment it was to assist in entering and searching the premises.

8. On February 9, 2007, at approximately 10:00 PM, all defendant police officers, that is, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, and JOSEPH F. GORMAN, entered and raided the apartments at 1136 N. Monticello, in Chicago, Illinois.

9. On that date and at that time, plaintiff, LA'TANYA TIERRA CARTER, was a guest in the second floor apartment of 1136 N. Monticello, Chicago, Illinois, and was present at the time of the raid.

10. Defendants did not have a warrant for the second floor apartment at 1136 N. Monticello.  However, all defendant police officers, that is, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, and JOSEPH F. GORMAN, either entered the second floor apartment or facilitated the entry into the second floor apartment.

3

11. Approximately six to ten search team members physically entered the second floor apartment. Three defendants, JOHN P. DOLAN, CRAIG A. DUNDERDALE, and KEITH E. KARCZEWSKI, have admitted entering the apartment, however, are defendants

12. Despite the fact that plaintiff, LA'TANYA TIERRA CARTER, made no attempt to leave and did nothing to resist or interfere with the illegal actions of the police, defendant police officers pulled their guns and pointed them at plaintiff and other residents and occupants of said premises, and seized, searched, and handcuffed plaintiff and others.

13. Plaintiff, LA'TANYA TIERRA CARTER, was taken against her will down to the first floor apartment, and detained, searched, and held under arrest by the police intelligence search team for a number of hours during the wrongful search of the second floor apartment.

14. Defendant police officers proceeded to search the second floor apartment at 1136 N. Monticello without a warrant, without permission, and without legal cause.

15. The above acts were committed with the knowledge of defendants JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, and JOSEPH F. GORMAN and by agreement of those defendants to act in concert to violate the constitutional rights of plaintiff, LA'TANYA TIERRA CARTER.

16. By reason of the above-described acts and omissions of the defendant police officers, plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to her damage.

17. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

18. By reason of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to her in the within action, so that she might vindicate the loss and impairment of her rights. By reason thereof, plaintiff requests payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I - False Arrest/Illegal Detention

19. Plaintiff, LA'TANYA TIERRA CARTER, incorporates and realleges paragraphs 1 – 18, as though set forth herein in their entirety.

20. The seizure and detention of plaintiff were without probable cause and unreasonable and the duration thereof was tantamount to a false arrest.

21. By reason of the conduct of defendants, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, and JOSEPH F. GORMAN, plaintiff, LA'TANYA TIERRA CARTER, was deprived of rights, privileges and immunities secured to her by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, and JOSEPH F. GORMAN, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT II - Unconstitutional Search and Seizure

22. Plaintiff, LA'TANYA TIERRA CARTER, incorporates and realleges paragraphs 1 – 18, as though set forth herein in their entirety.

23.     Defendant police officers searched the home at 1136 N. Monticello, in Chicago, Illinois, and the person of plaintiff without a warrant, without permission, and without legal cause, thus invading and violating plaintiff's security and privacy.

24.     By reason of the conduct of defendants, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, and JOSEPH F. GORMAN, plaintiff, LA'TANYA TIERRA CARTER, was deprived of rights, privileges and immunities secured to her by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, and JOSEPH F. GORMAN, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**COUNT III - Failure to Intervene**

25.     Plaintiff, LA'TANYA TIERRA CARTER, incorporates and realleges paragraphs 1 – 18, as though set forth herein in their entirety.

26.     Defendants, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, and JOSEPH F. GORMAN had reason to know that the seizure and arrest of plaintiff, and the search of the home were without a valid warrant, without consent, without probable cause, and without exigent circumstances.

27.     Defendant police officers had a reasonable opportunity to prevent the illegal searches and seizures from occurring, but failed to do so.

28. By reason of the conduct of defendants, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, and JOSEPH F. GORMAN, plaintiff, LA'TANYA TIERRA CARTER, was deprived of rights, privileges and immunities secured to her by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, and JOSEPH F. GORMAN, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

### COUNT IV - Conspiracy Pursuant to Section 1983

29. Plaintiff, LA'TANYA TIERRA CARTER, incorporates and realleges paragraphs 1 – 18, as though set forth herein in their entirety.

30. The unconstitutional acts set forth in this complaint were committed with the knowledge of and by agreement of the defendants to act in concert to violate the constitutional rights of plaintiff.

31. By reason of the conduct of defendants, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, and JOSEPH F. GORMAN, plaintiff, LA'TANYA TIERRA CARTER, was deprived of rights, privileges and immunities secured to her by the Constitution of the United States and laws enacted thereunder. Therefore, defendants, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE,

DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, and JOSEPH F. GORMAN, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

WHEREFORE, plaintiff, LA'TANYA TIERRA CARTER by and through her attorney, Irene K. Dymkar, requests judgment as follows against defendants, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, and JOSEPH F. GORMAN, on each and every claim:

    1.    That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

    2.    That defendants be required to pay plaintiff special damages,

    3.    That defendants be required to pay the plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

    4.    That defendants be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

    5.    That defendants be required to pay plaintiff costs of the suit herein incurred, and

    6.    That plaintiff be granted such other and further relief as this Court may deem just and proper

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.**

Dated: April 7, 2009        /s/    Irene K. Dymkar
                                       Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiff
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123

## **CERTIFICATE OF SERVICE**

      I, Irene K. Dymkar, an attorney, certify that on the 7th day of April, 2009, a copy of PLAINTIFF'S FIRST AMENDED COMPLAINT was served upon the attorney named below through the Court's electronic filing system:

>Shneur Nathan
>City of Chicago, Department of Law
>30 N. LaSalle, Suite 1400
>Chicago, IL 60602

Dated: April 7, 2009                               /s/    Irene K. Dymkar
                                                                                    Irene K. Dymkar