# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LA'TANYA TIERRA CARTER,<br><br>Plaintiff,<br><br>v.<br><br>JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, and JOSEPH F. GORMAN,<br><br>Defendants. | No. 08 C 7464<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

**I. Background**

Plaintiff La'Tanya Tierra Carter has filed a Section 1983 lawsuit against nine Defendant Chicago Police Officers, alleging Defendants deprived her of her rights under the Fourth and Fourteenth Amendments to the United States Constitution. This case arises out of the execution of the same search warrant that is the subject of the case *Graham, et al. v. Dolan, et al.*, 08 C 889, currently pending before another Judge of this court. In this case, Defendants previously filed a motion to dismiss, arguing that Plaintiff's initial pleading failed to provide them with notice of the allegations asserted against them. At a subsequent hearing, I instructed the parties to work together to determine a procedure which would allow Plaintiff to make some kind of identification to fill the gaping hole in her complaint. I further noted that "the source of her damages is not something for which it is at all likely that nine officers are responsible, even if it was wrong."

On March 5, 2009 counsel for Defendants wrote a letter to counsel for Plaintiff offering to arrange for a photo array of the Defendant officers at 3511 South Michigan Avenue so that Plaintiff could "point out the officers that she claims wronged her and specify how they interacted with her." The letter further listed several dates and times at which an agent would be available to conduct the array. Plaintiff made no effort to participate in a photo array or other comparable procedure. Instead, Plaintiff filed a First Amended Complaint on April 7, 2009. Defendants filed another motion to dismiss, arguing that despite my instruction for Plaintiff to provide sufficient allegations with regard to the constitutional violations alleged, Plaintiff has still failed to satisfy the federal notice pleading standard. For the following reasons, Defendants' motion is denied in part and granted in part.

## II. Standard of Review

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. In ruling on such a motion, I accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences from those facts in the plaintiff's favor. *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002). To state a claim, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That said, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what . . . the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation and citation omitted). The "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

### III. Factual Allegations

Plaintiff's amended complaint sets forth the following facts underlying her allegations:

> 6. According to police reports and sworn defendant testimony in a related civil rights case, on February 9, 2007, defendants, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, and JOSEPH F. GORMAN, were all part of a police intelligence team that was assigned to execute a search warrant for the first floor and basement of 1136 N. Monticello in Chicago, Illinois.
>
> 7. Defendant JOSEPH F. GORMAN was the supervising lieutenant. Defendant MATTHEW P. CLINE was the sergeant who was the search team supervisor. Defendant EDDIE M. YOSHIMURA was a sergeant who assisted MATTHEW P. CLINE in the supervision of the search. Defendant JOHN P. DOLAN was the affiant on the search warrant and, as such, had most of the contact with a confidential informant, petitioned the court for issuance of the warrant, and organized and directed the search team. Defendant KEITH E. KARCZEWSKI was the breech officer in charge of breaking down the doors. CRAIG A. DUNDERDALE, VERNON MITCHELL, JR., SCOTT M. WOLFF, and DANIEL J. DE LOPEZ were police intelligence team members whose assignment it was to assist in entering and searching the premises.
>
> 8. On February 9, 2007, at approximately 10:00 PM, all defendant police officers, that is, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, and JOSEPH F. GORMAN, entered and raided the apartments at 1136 N. Monticello, in Chicago, Illinois.
>
> 9. On that date and at that time, plaintiff, LA'TANYA TIERRA CARTER, was a guest in the second floor apartment of 1136 N. Monticello, Chicago, Illinois, and was present at the time of the raid.
>
> 10. Defendants did not have a warrant for the second floor apartment at 1136 N. Monticello. However, all defendant police officers, that is, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ,

EDDIE M. YOSHIMURA, and JOSEPH F. GORMAN, either entered the second floor apartment or facilitated the entry into the second floor apartment.

11. Approximately six to ten search team members physically entered the second floor apartment. Three defendants, JOHN P. DOLAN, CRAIG A. DUNDERDALE, and KEITH E. KARCZEWSKI, have admitted entering the apartment, however, are defendants [sic]

12. Despite the fact that plaintiff, LA'TANYA TIERRA CARTER, made no attempt to leave and did nothing to resist or interfere with the illegal actions of the police, defendant police officers pulled their guns and pointed them at plaintiff and other residents and occupants of said premises, and seized, searched, and handcuffed plaintiff and others.

13. Plaintiff, LA'TANYA TIERRA CARTER, was taken against her will down to the first floor apartment, and detained, searched, and held under arrest by the police intelligence search team for a number of hours during the wrongful search of the second floor apartment.

14. Defendant police officers proceeded to search the second floor apartment at 1136 N. Monticello without a warrant, without permission, and without legal cause.

15. The above acts were committed with the knowledge of defendants JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, and JOSEPH F. GORMAN and by agreement of those defendants to act in concert to violate the constitutional rights of plaintiff, LA'TANYA TIERRA CARTER.

Plaintiff additionally alleges that as a result of the above-listed acts and omissions she sustained injuries, humiliation, and indignities, and suffered mental and emotional pain and suffering. She alleges that the "acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights." Based on these facts, Plaintiff asserts the following claims pursuant to 42

U.S.C. § 1983: Count I, false arrest/illegal detention; Count II, unconstitutional search and seizure; Count III, failure to intervene; and Count IV, conspiracy.

**IV. Discussion**

To sustain a § 1983 claim, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. *Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006). While it is true that Plaintiff need not allege all the facts necessary to succeed on her claims, she must provide sufficient allegations to, at the very least, put Defendants on notice of her claims against them. *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) ("[t]aking *Erikson* and *Twombly* together, [the Court] understands the [U.S. Supreme Court] to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8").

The amended complaint alleges that all Defendants were members of a police team that conspired to enter the multiple unit residence at 1136 N. Monticello, Chicago, Illinois, on February 9, 2007, and search all units, despite the fact that they only had a warrant for the first floor apartment. According to the amended complaint, all Defendants participated in detaining all occupants of the first and second floor apartments, including Plaintiff Carter, while they searched the entire building. Paragraph eleven of the amended complaint alleges that Defendants Dolan, Dunderdale, and Karczewski "have admitted entering the apartment" (presumably Plaintiff's unit), but that paragraph also alleges that "[a]pproximately six to ten search team members physically entered the second floor apartment."

A complaint that refers to multiple police officer defendants collectively as "defendant officers" in each of the factual allegations does not provide each defendant officer with sufficient

5

notice of the wrongdoings alleged. This is especially true where nine Defendant officers are listed on the face of the complaint. The amended complaint here substitutes the collective identifier "defendant officers" with the actual names of all nine Defendants. This is a distinction without a difference. Plaintiff was given the opportunity to identify the individual conduct of each Defendant officer and failed to do so. In addition, Plaintiff's factually unsupported allegation of conspiracy is a legal conclusion that does not satisfy Rule 8 and is not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (May 18, 2009).

The sole portion of Plaintiff's amended complaint that arguably alleges certain Defendants were personally responsible for the deprivation of one or more of Plaintiff's constitutional rights is paragraph eleven. That paragraph alleges that Defendants Dolan, Dunderdale, and Karczewski entered Plaintiff's apartment. Accordingly, Defendants' motion to dismiss Counts I, II, and III is denied with respect to Defendants Dolan, Dunderdale, and Karczewski. Because the facts alleged in Plaintiff's amended complaint do not provide the other Defendants with enough information to answer the complaint or defend themselves, Defendants' motion to dismiss is granted with respect to Defendants Mitchell, Wolff, Cline, Lopez, Yoshimura, and Gorman. Count IV is dismissed in its entirety.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: June 25, 2009